United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————————

No. 05-51588
Summary Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERARDO ACOSTA VASQUEZ, also known as Geraldo Acosta-Vasquez,
also known as Jerry Vasquez, also known as Geraldo Vasquez-
Acosta, also known as Gerardo Vasquez-Acosta,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1911-15
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Gerardo Acosta Vasquez (Acosta) appeals his guilty-plea

conviction of conspiring to possess and possessing with

intent to distribute more than 100 kilograms of marijuana, in

violation of 21 U.S.C. §§ 841 and 846.  Acosta challenges the

constitutionality of the treatment by § 841(b)(1)(B) of certain

prior drug convictions as sentencing factors rather than offense

elements that must be found by a jury in light of <u>Apprendi v. New

Jersey</u>, 530 U.S. 466 (2000).  He also argues that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court committed plain error by failing to ask whether he affirmed or denied his prior conviction, as required by 21 U.S.C. § 851(b).

Acosta's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Acosta contends that Almendarez-Torres was incorrectly decided and a majority of the current Court would overrule it in the light of Apprendi and subsequent Supreme Court authority. We have repeatedly rejected such contentions because Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Acosta properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Regarding Acosta's § 851 challenge, in the absence of a showing that the prior conviction was unconstitutionally obtained or was not committed by Acosta, he has not shown plain error. See United States v. Thomas, 348 F.3d 78, 86-87 (5th Cir. 2003). Moreover, Acosta's prior conviction occurred well beyond the five-year statute of limitations set forth in § 851(e). Accordingly, Acosta has failed to establish error, plain or otherwise, in the district court's failure to follow the § 851(b) colloquy. See United States v. Fragoso, 978 F.2d 896, 902-03 (5th Cir. 1992).

AFFIRMED.